UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CLAN R. JACOBS<br>Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br>an agency of the State of Washington and Eldon Vail, in his capacity as Secretary of the Department of Corrections and Washington Corrections Center, an entity within the State Department of Corrections and DOUGLAS WADDINGTON, individually and in his capacity as Superintendent of Washington State Corrections Center<br><br>Defendants. | CASE NO: 08-~~5191~~ RBL<br><br>Declaration of John Bonin |

THE UNDERSIGNED, PURSUANT TO RCW 9A.72.085 STATES:

My name is John Bonin. This declaration is intended to supplement the record in this matter in light of Court hearing on March 11, 2010. The purpose is to establish in the record and for the Court that assertions made that Defendant was in any way unclear on the issue of whether Plaintiff had accepted or failed to accept the offer of Judgment should not exist. The language in the indented section of communication rather clearly establishes that Plaintiff's position was that the offer was accepted.

1

| | |
|---|---|
| Declaration of John Bonin | Bonin & Cook, P.S.<br>A Professional Service Corporation<br>P.O. Box 783 Shelton, WA 98584<br>(360) 427-7474 |

Upon my return to the office I furnished to Ms. Clarke the document she claimed not to have. The tax ramifications have been conservatively provided at the rate of 15.3 % ($7,650.15). My attorney fees in this matter are 72.56 hours at the hourly rate of $185 per hour for a total of $13,423.60. The costs in this matter up to date of acceptance of the offer are $2833.54.

Whether tax consequences remain at issue or not my client is entitled to his $50,001 immediately. Tax estimate by Mr. Harmon uses generally accepted accounting procedure and is an appropriate basis to utilize. It is in fact highly conservative as the rule of thumb for most bookkeepers with whom I have worked is to advise retaining 25% in order to address the payment of tax consequences associated with resolution of legal disputes.

My time records are also attached to this declaration in the same form as furnished to Mr. Andrews after the offer of judgment was accepted.

I declare under penalty of perjury that the foregoing is true and accurate.
Signed this 11th day of March, 2010 in Mason County, Washington

_____
John R. Bonin

## Bonin & Cook, P.S.
*A Professional Service Corporation*
P.O. Box 783
1800 Olympic Highway South, Suites 1,2,3
Shelton, WA 98584

Telephone: (360) 427-7474
Fax: (360) 427-7475

March 11, 2010

Attorney General's Office
Marie Clake
PO Box 40126
Tumwater, WA 98504

And VIA FAX 360-586-6655

RE: Jacobs

Dear Ms. Clarke:

In order to make certain that you have no question regarding the disparity between what you said in court today and what your position as well as my own had been until the Court asked a question from the bench, the following information is contained in a letter to you from this office:

> So there will be no dispute as to this at any point where I cannot demonstrate that the Plaintiff is and has always been willing to accept the offer of judgment made and in fact did accept that offer of judgment.

I submit that for you to represent to the Court that you were at any time unclear that the offer had been accepted is beyond to scope.

As also indicated in that letter:

> We remain open to your completion of this matter without your need to file a response. All you need to do is agree that my fees are reasonable – or set a hearing challenging those fees (and I advise you not to because my fees are very reasonable). In addition, you need to either agree to the suggestion on determination of tax consequences or propose something that is capable of being done in a civil manner without cost associated with meeting the terms of your offer being thrust upon the Plaintiff. You must also, of course, stick to general accounting principles in determining such consequences by taking the income from the offer in the year it is offered as income for purposes of tax consequences, if any. There was no term in your offer requiring him to attribute his judgment award to anything specific – nor was there a requirement that he go back in time and re-calculate taxes for prior years.

In addition to this prior communication to your office – which you did not disclose to the Court – the following attachment with the suggestion that you pay the very conservative estimate suggested by Mr. Harmon was also tendered to you. You indicated in Court that you did not get this information. It is my understanding that you did.

Regardless, my fees in this matter are reasonable. The costs are more than reasonable. The table filled with three ring binders constitutes the work I have done and the documents I have reviewed for Mr. Jacobs in association with this matter. As I am certain you noticed, it is voluminous – and it does not include the discs you sent this office in lieu of paper production.

Using Mr. Harmon's conservative estimate on tax ramifications establishes that your two efforts to force the Plaintiff to sign settlement documents in lieu of simply obtaining a recorded judgment are close to $2,000 lower than the amount of the Judgment.

My client will not sign any releases. We request immediate tender to him of the $50,001 while you engage in either reasonable resolution of the remainder with me or we perform as Mr. Andrews indicated was your intention – and attempt to reduce my fees in this matter.

Sincerely,

John Bonin

Enc. Harmon Report


Sincerely

John Bonin
Attorney at Law

```
    0 . *

    0 . *

50,001 . x
   15 . 3%
 7,650 . 153*

50,001 . *

57,651 . 15+

57,651 . 15*

72 . 56x
   185 . =
13,423 . 6*

 2,833 . 54+
13,423 . 6+
57,651 . 15+

73,908 . 29*
```

001

003



# Harmon Consulting, Inc.
1732 Camden Pl SW  Olympia, WA 98512  360-888-8861

February 3, 2010

John R Bonin, Attorney
1800 Olympic Hwy. S  Suite #2
Olympia, WA 98584

RE: Recognition of income

Dear John:

As you know I am a Certified Public Accountant. It has been my pleasure to provide your firm with consulting and expert testimony services since 2003.

Individuals report their income to the Internal Revenue Service IRS on a cash basis unless they have a business that elects to report income on an accrual basis. Accrual basis means there is a timing difference for recognition of income and expense items before or after actual payment is made.

The IRS does not allow individuals to report miscellaneous wages and service income items often reported on IRS form 1099 in a year other than the year payment is received or their check is placed in the mail. Using accrual accounting procedures is a common practice for a business, but it is not allowed for individuals who must follow the constructive receipt rules of the IRS.

Since individual tax payers are not allowed to record compensation for wages on an accrual basis, any payments for wages or services related to a prior year would not be claimed for tax purposes until the year paid or received. If payment was not received in prior years, it could not be reported by an individual as income in those years under IRS rules.

By the way, compensation reported on a 1099 for services rendered is subject to income tax and the employer and employee FICA tax rates which total 15.3% of the amount received. Interest income reported on a 1099 would not be subject to the FICA tax as it is not related to compensation for services or work performed.

I hope you find this helpful. Please feel free to contact me if you have any further questions.

Sincerely,

*Monty Harmon*

Monty Harmon, CPA-CGG
President

```
                    *********************
                    ***   TX REPORT    ***
                    *********************

     TRANSMISSION OK

     TX/RX NO                 3258
     DESTINATION TEL #        13605866655
     DESTINATION ID           AG office
     ST. TIME                 03/11 16:44
     TIME USE                 00'33
     PAGES SENT                  4
     RESULT                   OK
```



# Harmon Consulting, Inc.
1732 Camden Pl SW  Olympia, WA  98512   360-888-8861

February 3, 2010

John R Bonin, Attorney
1800 Olympic Hwy. S  Suite #2
Olympia, WA  98584

RE:  Recognition of income

Dear John:

As you know I am a Certified Public Accountant.  It has been my pleasure to provide your firm with consulting and expert testimony services since 2003.

Individuals report their income to the Internal Revenue Service IRS on a cash basis unless they have a business that elects to report income on an accrual basis.  Accrual basis means there is a timing difference for recognition of income and expense items before or after actual payment is made.

The IRS does not allow individuals to report miscellaneous wages and service income items often reported on IRS form 1099 in a year other than the year payment is received or their check is placed in the mail.  Using accrual accounting procedures is a common practice for a business, but it is not allowed for individuals who must follow the constructive receipt rules of the IRS.

Since individual tax payers are not allowed to record compensation for wages on an accrual basis, any payments for wages or services related to a prior year would not be claimed for tax purposes until the year paid or received.  If payment was not received in prior years, it could not be reported by an individual as income in those years under IRS rules.

By the way, compensation reported on a 1099 for services rendered is subject to income tax and the employer and employee FICA tax rates which total 15.3% of the amount received.  Interest income reported on a 1099 would not be subject to the FICA tax as it is not related to compensation for services or work performed.

I hope you find this helpful.  Please feel free to contact me if you have any further questions.

Sincerely,

*Monty Harmon*

Monty Harmon, CPA-CGG
President

Bonin & Cook, P.S.
Time by Job Detail

Jacobs, Clan

| Date | Name | Duration | Notes |
|---|---|---|---|
| TIME | | | |
| 03/11/2009 | John R Bon | 3:00 | WORK ON CF AGREEMENT; DRAFT NOTICE OF CLAIM BASED ON EEOC EXPIRING WITHIN 24 HOURS OF EXPIRATION OF |
| 03/13/2009 | John R Bon | 0:18 | CONFER W/CLIENT ABOUT STATUS OF GRIEVANCE AND COMPROMISE |
| 03/17/2009 | John R Bon | 0:06 | REVIEW LETTER FROM OFFICE OF FINANCIAL MANAGEMENT |
| 04/23/2009 | John R Bon | 0:12 | CONFER W/CLIENT |
| 05/11/2009 | John R Bon | 5:00 | DRAFT COMPLAINT W/CLIENT/LETTER TO AG'S OFFICE/LETTER TO EEOC |
| 05/14/2009 | John R Bon | 0:12 | LETTER TO CLIENT |
| 05/27/2009 | John R Bon | 5:00 | ISSUE DISCOVERY TO DEF. |
| 06/05/2009 | John R Bon | 0:06 | REVIEW CORRESP. FROM EEOC |
| 06/08/2009 | John R Bon | 0:18 | COMPLAINT FAXED TO JEFF FALL |
| 06/10/2009 | John R Bon | 0:12 | LETTER TO CLIENT |
| 06/12/2009 | John R Bon | 0:12 | LETTER TO FAXED TO JEFF FALL |
| 06/17/2009 | John R Bon | 0:06 | LETTER TO CLIENT |
| 06/17/2009 | John R Bon | 2:00 | REVIEW EMPLOYMENT DISCRIMINATION CHARGES FROM SEATTLE FIELD OFFICE |
| 06/17/2009 | John R Bon | 1:00 | REVIEW DOCUMENTS SERVED BY AG'S OFFICE - REMOVAL TO FEDERAL COURT |
| 06/22/2009 | John R Bon | 0:30 | DRAFT AND FILE JURY DEMAND |
| 06/24/2009 | John R Bon | 1:06 | REVIEW INCOMING ANSWER TO COMPLAINT |
| 07/07/2009 | John R Bon | 0:18 | LETTER TO MARIE CLARKE AG'S OFFICE |
| 07/09/2009 | John R Bon | 0:06 | REVIEW INCOMING CORRESP. |
| 07/13/2009 | John R Bon | 0:06 | CALL TO OTHER SIDE REGARDING COURT SCHEDULING CONFERENCE/NO SHOW/NO CALL REVIEW LATE LETTER STATING |
| 08/14/2009 | John R Bon | 0:18 | LETTER TO AG'S CAN'T OPEN INITIAL DISCLOSURE FILE |
| 08/25/2009 | John R Bon | 0:18 | LETTER TO CLARKE - FAXED |
| 08/25/2009 | John R Bon | 0:12 | REVIEW INCOMING CORRESP. |
| 09/15/2009 | John R Bon | 0:24 | LETTER TO CLARKE - RE JOINT STATUS REPORT - FAXED |
| 09/16/2009 | John R Bon | 1:30 | WORK ON INITIAL DISCLOSURES FINAL FORM |
| 10/01/2009 | John R Bon | 2:00 | FINAL AND DELIVER INITIAL DISCLOSURES |
| 10/05/2009 | John R Bon | 0:12 | REVIEW INCOMING CORRESP. |
| 10/05/2009 | John R Bon | 0:54 | REVIEW DISCOVERY AND LETTER TO CLIENT W ATTACHED |
| 10/09/2009 | John R Bon | 0:48 | CONFER W/CLIENT |
| 11/20/2009 | John R Bon | 1:30 | NOTICE OF INTENT TO DEPOSE (3) |
| 11/21/2009 | John R Bon | 2:30 | LEGAL RESEARCH ON MATTER OF RES JUDICATA |
| 11/24/2009 | John R Bon | 0:12 | REVIEW INCOMING CORRESP. |
| 11/25/2009 | John R Bon | 1:00 | LETTER TO OTHER SIDE - FAXED |
| 12/01/2009 | John R Bon | 0:12 | REVIEW INCOMING CORRESP. |
| 12/01/2009 | John R Bon | 0:30 | RESPOND TO CORRESPONDENCE RECEIVED BY AG'S |
| 12/03/2009 | John R Bon | 0:32 | CORRESP. TO MS LEE - ISSUE CK FOR EXPENSES FOR DEPOSITION |
| 12/04/2009 | John R Bon | 2:00 | REVIEW INCOMING MATERIALS AND BEGIN RESPONSE |
| 12/04/2009 | John R Bon | 0:36 | ARRANGE DEPOSITION W/COURT REPORTER - FAX |
| 12/08/2009 | John R Bon | 4:30 | REVIEW AND RESPOND TO INCOMING MATERIALS |
| 12/09/2009 | John R Bon | 2:30 | REVIEW AND RESPOND TO INCOMING MATERIALS |
| 12/10/2009 | John R Bon | 3:00 | PREPARE FOR DEPOSITION - NO SHOW |
| 12/10/2009 | John R Bon | 0:18 | PREPARE AMENDED DOCUMENTS FOR COURT REPORTER - FAX |
| 12/10/2009 | John R Bon | 0:30 | LETTER TO AG'S OFFCIE - FAXED |
| 12/15/2009 | John R Bon | 1:30 | CONFER W/OTHER SIDE AND SET UP A MEDIATION IN JANUARY |

Bonin & Cook, P.S.
Time by Job Detail

| Date | Name | Duration | Notes |
|---|---|---|---|
| 12/17/2009 | John R Bon | 0:48 | REVIEW OF CORRESP RECEIVED REGARDING PUBLIC REQUEST & RESPOND |
| 12/22/2009 | John R Bon | 0:30 | REVIEW CORRESP. FROM BEAN |
| 12/23/2009 | John R Bon | 2:00 | WORK ON MEDIATION MEMORANDUM |
| 12/29/2009 | John R Bon | 1:30 | FINISH MEMORANDUM AND MAIL TO BEAN |
| 12/31/2009 | John R Bon | 0:18 | REVIEW PUBLIC REQUEST CORRESP FROM AG'S |
| 01/04/2010 | John R Bon | 0:48 | RESPOND TO RECORDS REQUEST CORRESP. |
| 01/07/2010 | John R Bon | 0:18 | CORRESP. TO CLIENT |
| 01/08/2010 | John R Bon | 8:00 | WRITE SETTLEMENT PACKAGE FOR MEDIATION |
| 01/12/2010 | John R Bon | 2:00 | PREPARE FOR MEDIATION |
| 01/14/2010 | John R Bon | 9:00 | ALL DAY MEDIATION WITH BEAN AND DOC |
| | | 72:56 | |

Bonin & Cook, P.S.
Time by Job Detail

| Date | Name | Duration | Notes | |
|---|---|---|---|---|
| Jacobs, Clan | | | | |
| EXPENSES | | | | |
| FAX CHARGES | | | | |
| 06/08/2009 | John R Bon | | 26 pages faxed to Jeff Fall | |
| 06/12/2009 | John R Bonin | | 2 pages faxed to Jeff Fall | |
| 08/14/2009 | John R Bonin | | 3 pages faxed to Marie Clarke | |
| 8/25/209 | John R Bonin | | 5 pages faxed to Ag's | |
| 10/05/2009 | John R Bonin | | 2 pages faxed to ag's | |
| 11/20/2009 | John R Bonin | | 17 pages faxed to ag's - intent to depose | |
| 11/25/2009 | John R Bonin | | 3 pages faxed to Marie Clarke | |
| 12/04/2009 | John R Bonin | | 5 pages faxed to court reporter | |
| 12/10/2009 | John R Bonin | | 3 pages faxed to court reporter | |
| 12/10/2009 | John R Bonin | | 2 pages faxed to ag's | $ | 68.00 |
| POSTAGE | | | | |
| 03/11/2009 | Postage | | certified mailing | $ | 27.45 |
| FILING FEE'S | | | | |
| 05/19/2009 | Filing | | Complaint | $ | 200.00 |
| PROCESS SERVICE | | | | |
| 5/27/20009 | Service | | 4 services - COMPLAINT | $ | 240.00 |
| 12/03/2009 | Service | | 3 services - INTENT TO DEPOSE | $ | 180.00 |
| MILEAGE EXPENSE | | | | |
| 05/27/2009 | Mileage | | 80.78 miles | $ | 46.85 |
| 12/03/2009 | Mileage | | 184 miles | $ | 108.56 |
| Deposition Charges | | | | |
| 12/10/2009 | Court Reporter | | No show charge - Lee | $ | 225.70 |
| LEGAL RESEARCH CHARGES | | | | |
| 11/21/2009 | Research | | Thomson | $ | 111.98 |
| | | | | $ | 1,625.00 |
| MEDIATION CHARGES | | | | |
| 01/14/2010 | Bean | | Mediation charges paid to Bean | $ | 2,833.54 |